IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS UNITED, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-1862 (RDM) |
| | ) | |
| U.S. DEPARTMENT OF STATE | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF ERIC F. STEIN

Pursuant to 28 U.S.C. § 1746, I, Eric F. Stein, declare and state as follows:

1.     I am the Director of the Office of Information Programs and Services ("IPS") of the

United States Department of State (the "Department" or "State") and have served in this capacity

since January 22, 2017.  Previously, I served as the Acting Director since October 16, 2016, and

as the Acting Co-Director since March 21, 2016.  Prior to serving in this capacity, I worked

directly for the Department's Deputy Assistant Secretary ("DAS") for Global Information

Services ("GIS") and served as a senior advisor and deputy to the DAS on all issues related to

GIS offices and programs, which include IPS.

2.     The core responsibilities of IPS include: (1) responding to records access requests

made by the public (including under the FOIA, the Privacy Act, and the mandatory

declassification review requirements of Executive Order No. 13526 of December 29, 2009,

governing classified national security information), by Members of Congress, by other

government agencies, and those made pursuant to judicial process, such as subpoenas, court

orders, and discovery requests; (2) records management; (3) privacy protection; (4) national security classification management and declassification review; (5) corporate records archives management; (6) research; (7) operation and management of the Department's library; and (8) technology applications that support these activities.

3.      In my current capacity, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and other records access provisions.  As the Director of IPS, I have original classification authority.

4.      I make the following statements based upon my personal knowledge, which in turn is based upon information furnished to me in the course of my official duties.  I am familiar with the efforts of Department personnel to process the subject request, and I am in charge of coordinating the agency's search and recovery efforts with respect to that request.

5.      This Declaration explains the Department's application of FOIA exemptions in processing records responsive to Plaintiff's FOIA request.  A *Vaughn* index, infra ¶¶ 33-49, also provides a detailed description of the information withheld and the justifications for those withholdings.

## I.  ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUEST

6.      On June 22, 2018, Plaintiff submitted a FOIA request (Exhibit 1) to the Department seeking all records relating to an October 2016 briefing of officials at the Department of State by Christopher Steele.  The request stated:

> Records should include, but not be limited to, the following: a) Participant lists, b) Participant notes, c) Briefing scheduling requests, d) Minutes, e) Transcripts, f) Briefing materials, g) Briefing location, h) After-action reports, [and] i) Audio or visual recordings.

The timeframe of the request was September 1, 2016, to November 30, 2016.

7.     By letter dated July 18, 2018 (Exhibit 2), IPS acknowledged receipt of Plaintiff's

FOIA request and assigned it Case Control Number F-2018-04736.

8.     By letter dated February 19, 2019 (Exhibit 3), the Department informed Plaintiff

that the Department had located two responsive documents.  The Department released both

documents in full.

9.     By letter dated April 30, 2019 (Exhibit 4), the Department informed Plaintiff that

the Department had located five responsive documents.  The Department released one document

in full, three documents in part, and withheld one document in full.

10.    By letter dated May 6, 2019 (Exhibit 5), the Department informed Plaintiff that the

Department had located two responsive documents, which completed the processing of its

request.  The Department released one document in full and one document in part.  The

Department further released additional information in one document that had previously been

released in part on April 30, 2019.

## II.  FOIA EXEMPTIONS CLAIMED

### FOIA Exemption 1 – Classified Information

11.    5 U.S.C. § 552(b)(1) states that the FOIA does not apply to matters that are:

> (A) specifically authorized under criteria established by Executive order ("E.O.")
> to be kept secret in the interest of national defense or foreign policy and (B) are in
> fact properly classified pursuant to such Executive order.

12.    Based upon my personal review of the documents and information furnished to me

in the course of my official duties, including the sources of the information marked as classified,

I have determined that the information withheld by the Department under Exemption 1, 5 U.S.C.

§ 552(b)(1), continues to meet the classification criteria of E.O. 13526.[1]  This includes

information currently classified at the SECRET level.  Section 1.2 of E.O. 13526 states:

> "Secret" shall be applied to information regarding intelligence sources and methods, potential military plans or operations, and foreign relations or foreign activities of the U.S. government, the release of which reasonably could be expected to cause exceptionally grave damage to the national security.

13.   Section 6.1(l) of E.O. 13526 defines "damage to the national security" as follows:

> "Damage to the national security" means harm to the national defense or foreign relations of the United States from the unauthorized disclosure of information, taking into consideration such aspects of the information as the sensitivity, value, utility, and provenance of that information.

14.   Information withheld by the Department in this case under Exemption 1 is properly

classified pursuant to Sections 1.4(c) and 1.4(d) of E.O. 13526.  Section 1.4 states:

> Information shall not be considered for classification unless its unauthorized disclosure could reasonably be expected to cause identifiable or describable damage to the national security in accordance with section 1.2 of this order, and it pertains to one or more of the following: . . .(c) intelligence activities (including covert action), sources or methods, or cryptology …(d) foreign relations or foreign activities of the United States, including confidential sources . . . .

15.   For information to be properly classified and withheld from disclosure pursuant to

Exemption 1, the information must meet all of the following requirements set forth in Section

1.1(a) of E.O. 13526:

> (1) an original classification authority is classifying the information;
> (2) the information is owned by, produced by or for, or is under the control of the United States Government;
> (3) the information falls within one or more of the categories listed in section 1.4 of [E.O. 13526]; and
> (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational

---

[1]  Material redacted under FOIA Exemption 1 in Record No. 4 Supplemental (C06679743) and Record No. 9 (C06751858) was classified SECRET by the Federal Bureau of Investigation ("FBI").  I refer the court to the Declaration of Michael G. Seidel, ¶¶ 8, 10-11, 15-30, for information regarding the FBI's classification actions with respect to those documents.

terrorism, and the original classification authority is able to identify or describe the damage.

16.    In my role as an original classification authority, I have determined that the information withheld by the Department pursuant to Exemption 1 meets these criteria. It is under the control of the United States Government, falls within Sections 1.4(c) and (d) of E.O. 13526, and requires classification at the SECRET level because its unauthorized disclosure reasonably could be expected to cause serious damage to national security.

### Section 1.4(c) – Intelligence Activities and Intelligence Sources and Methods

17.    The Department, on its own behalf and on behalf of the Federal Bureau of Investigation ("FBI"), withheld certain information that relates directly to intelligence activities, sources, or methods.  Disclosure of the intelligence information withheld could enable foreign governments or persons or entities opposed to U.S. foreign policy objectives to identify U.S. intelligence activities, sources, or methods and to undertake countermeasures that could frustrate the ability of the U.S. Government ("USG") to acquire information necessary to the formulation and implementation of U.S. foreign policy.

18.    Intelligence methods include human assets and clandestine relationships. Intelligence methods also include the physical security and force protection measures taken to protect facilities and personnel, security response strategies, and the tactics, techniques, and procedures used by security personnel who react to threats.  When a foreign intelligence service or adversary nation learns that the Department and/or the FBI uses certain methods to protect property and personnel, it will seek to glean from those methods what precautions were taken and why, how the agencies responded and why, and how the agencies could use those precautions to respond in different situations.  To a hostile entity, learning the actions the Department or the FBI does not take in certain circumstances is just as valuable as information

5

about actions taken.  If foreign intelligence services or adversary nations were to discover the Department's and/or FBI's methods of protecting property or people, this information could be used against the U.S. Government to thwart future intelligence operations, jeopardize ongoing human sources, and otherwise derail government intelligence activities.  As detailed in the *Vaughn* Index below, certain information withheld in this case pertaining to intelligence activities or intelligence sources and methods is currently and properly classified pursuant to Section 1.4(c) of E.O. 13526, and is therefore exempt from disclosure under Exemption 1, 5 U.S.C. § 552(b)(1).

19.    For Record No. 4 Supplemental (C06679743) and Record No. 9 (C06751858), I respectfully refer the Court to the Declaration of Michael G. Seidel ("Seidel Declaration"), ¶¶ 23-27, for further information on the nature of, and justifications for, the information classified by the FBI pursuant to Section 1.4(c).

### Section 1.4(d) - Foreign Relations or Foreign Activities of the United States

20.    Diplomatic exchanges are premised upon, and depend upon, an expectation of confidentiality.  Mutual trust between governments in this realm is vital to U.S. foreign relations. The inability of the United States to maintain confidentiality in its diplomatic exchanges would inevitably chill relations with other governments, and could reasonably be expected to damage U.S. national security by diminishing our access to vital sources of information.

21.    Some of the information withheld both by the Department and on behalf of the FBI is classified under Section 1.4(d) of E.O. 13526.  This information concerns both confidential sources and sensitive aspects of U.S. foreign relations.  Release of this classified information has the potential to inject friction into, or cause damage to, bilateral relationships with countries whose cooperation is important to U.S. national security.  As detailed in the *Vaughn* Index

6

below, certain information withheld in this case is currently and properly classified pursuant to

Section 1.4(d) of E.O. 13526 and is therefore exempt from disclosure under Exemption 1, 5

U.S.C. § 552(b)(1).

22.     For Record No. 4 Supplemental (C06679743) and Record No. 9 (C06751858), I

respectfully refer the Court to the Declaration of Michael G. Seidel ("Seidel Declaration"), ¶¶

28-30, for further information on the nature of, and justifications for, the information classified

by the FBI pursuant to Section 1.4(d).

**FOIA Exemption 3 – Exempt by Statute**

23.     5 U.S.C. § 552(b)(3) states that the FOIA does not apply to matters that are:

> specifically exempted from disclosure by statute (other than
> section 552(b) of this title), if that statute—(A)(i) requires that the
> matters be withheld from the public in such a manner as to leave
> no discretion on the issue; or (ii) establishes particular criteria for
> withholding or refers to particular types of matters to be withheld;
> and (B) if enacted after the date of enactment of the Open FOIA
> Act of 2009, specifically cites to this paragraph.

24.     Section 222(f) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1202(f),

states in pertinent part:

> The records of the Department of State and of diplomatic and
> consular offices of the United States pertaining to the issuance or
> refusal of visas or permits to enter the United States shall be
> considered confidential and shall be used only for the formulation,
> amendment, administration, or enforcement of the immigration,
> nationality, and other laws of the United States, except that - (1) in
> the discretion of the Secretary of State certified copies of such
> records may be made available to a court which certifies that the
> information contained in such records is needed by the court in the
> interest of the ends of justice in a case pending before the court.
> (Emphasis added).

25.     Section 222(f) of the INA qualifies as a withholding statute under FOIA Exemption

(b)(3), 5 U.S.C. § 552(b)(3).[2]  "Under section 222(f) the Secretary of State has no authority to

disclose material to the public.  In that sense the confidentiality mandate is absolute; all matters

covered by the statute 'shall be considered confidential.'" *Medina-Hincapie v. Dep't of State*, 700

F.2d 737, 742 (D.C. Cir. 1983).  Section 222(f) applies not only to the information supplied by

the visa applicant, but also applies to any "information revealing the thought-processes of those

who rule on the application." *Id.* at 744.

26.     The Department has withheld a sentence in Record No. 4 Supplemental

(C06679743) that pertains to the issuance or refusal of visas, which is exempt from disclosure

under Exemption 3, pursuant to INA § 222(f).

27.     The Department also withheld information on behalf of the FBI under Exemption 3

pursuant to the National Security Act of 1947, 50 U.S.C. § 3024.  Seidel Declaration ¶¶ 32-35

provides information on the FBI's determination that this information is exempt from release

under Exemption 3.

### FOIA Exemptions 6 and 7(C) – Invasion of Personal Privacy

28.     5 U.S.C. § 552(b)(6) states that the FOIA does not apply to:

> [P]ersonnel and medical files and similar files the disclosure of
> which would constitute a clearly unwarranted invasion of personal
> privacy....

29.     FOIA Exemption 7(C) is the law enforcement counterpart to Exemption 6 and

protects the privacy interests of all persons mentioned in law enforcement records.  Exemption

7(C) provides protection for law enforcement information the disclosure of which "could

---

[2] *See Medina-Hincapie v. Dep't of State,* 700 F.2d 737, 741-42 (D.C. Cir. 1983); *see also Wiener v. F.B.I.,* 943 F.2d 972, 982 (9th Cir. 1991).

reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

30.    In this case, the Department, in consultation with the FBI, initially applied Exemptions 6 and 7(C) to redact information concerning an FBI employee's name, email address, and employee ID number to Record No. 3 (C06679729) and Record No. 6 (C06682574).  The FBI subsequently advised that information concerning the employee's name is releasable, and the Department accordingly re-released this document to plaintiff on July 5, 2019.

31.    Information concerning the FBI employee's email address and identification number remain redacted consistent with the scope of Exemptions 6 and 7(C).  Because the FBI is best suited to describe the privacy interests of its employee's email addresses and identification number, I respectfully refer the Court to Seidel Declaration ¶¶ 38-44 for further information on the applicability of Exemptions 6 and 7(C) to the remaining redacted information.

**FOIA Exemption 7(E) – Law Enforcement Investigation Techniques**

32.    The Department withheld certain information on behalf of the FBI under Exemption 7(E), 5 U.S.C. § 552(b)(7)(E).  Seidel Declaration ¶¶ 45-47 provides information on the FBI's determination that the information is exempt from release under Exemption 7(E).

**III.  VAUGHN**

33.    Defendant submits the following descriptions of records in which redactions are being challenged by Plaintiff.

34.    **Document C06679729 ("Record No. 3" in Plaintiff's Brief)** is a three-page e-mail chain with messages dated September 29, 2016, September 30, 2016, February 2, 2017, and February 2, 2017.  The Department released this document in part, withholding the email subject

headings and the body of each email under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to

E.O. 13526 section 1.4(c), which pertains to intelligence activities (including covert action),

intelligence sources or methods, or cryptology, and section 1.4(d), which pertains to foreign

relations or foreign activities of the United States, including confidential sources.  The withheld

information was originally and is currently classified SECRET.

35.    I have reviewed Plaintiff's arguments (Dkt. No. 11-1, at 11-14) concerning this

document, and attest that Plaintiff's suggestions regarding the subject matter and content of the

withheld information, which serve as the basis for Plaintiff's argument for release, are

inaccurate.  While the document is responsive to Plaintiff's FOIA request, the underlying subject

matter does not concern Donald Trump and is not directly related to any alleged interference in

the 2016 elections.

36.    The withheld email subject headings and content relate to foreign nationals

suspected of conducting intelligence activities against the United States.  Release of this

information could be reasonably expected to cause serious damage to the national security by

undermining U.S. foreign policy and by revealing a candid U.S. Government assessment of the

activities referenced and the named individuals associated with them.  Release of this

information reasonably could also be expected to cause serious damage to the national security

by reducing the likelihood that foreign persons will be willing to convey sensitive information in

confidence to the U.S. Government, for fear that expectation of confidentiality will be breached,

which would deny U.S. personnel information that is important to plan and carry out foreign

relations and foreign activities.

37.    The Department, in consultation with the FBI, also initially withheld information

concerning an FBI employee's name, email address, and identification number under FOIA

Exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). The FBI subsequently advised that information concerning the employee's name is releasable, and the Department accordingly re-released this document to plaintiff on July 5, 2019.

38. The Department reviewed the remaining withheld sentences and determined that no additional meaningful, non-exempt information in them can be reasonably segregated and released.

39. The Department, on behalf of the FBI, withheld additional information under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), pursuant to the National Security Act of 1947, 50 U.S.C. § 3024(i)(1), and FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E) to certain classified sentences within the document. I respectfully refer the Court to Seidel Declaration ¶¶ 7, 31-35, 45-47, 49 for further information concerning FBI's review of this document.

40. **Document C06679743 ("Record No. 4 Supplemental" in Plaintiff's Brief)** is a two-page typed set of notes purporting to be derived from a meeting with Christopher Steele and Tatyana Duran of Orbis Security on October 11, 2016. The Department withheld one sentence on the second page of the document because it provides the place and date of issuance of an individual's U.S. visa as well as the visa's status. Information regarding the issuance or refusal of visas must be withheld from release under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), pursuant to Section 222(f) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1202(f).

41. The Department conducted a line-by-line review of the withheld information and determined that no additional meaningful, non-exempt information can be reasonably segregated and released.

42. The Department withheld additional information in the document on behalf of the FBI under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), pursuant to the National Security Act of

1947, 50 U.S.C. § 3024(i)(1), and FOIA Exemptions 1 and 7, 5 U.S.C. § 552(b)(1) and (b)(7)(E).

Information redacted under FOIA Exemption 1 was classified SECRET by the FBI under E.O.

13526, sections 1.4(c) and (d).  I refer the Court to Seidel Declaration ¶¶ 8, 15-35, 45-46, 49 for

further information concerning FBI's review of this document.

43.   **Document C06682574 ("Record No. 6" in Plaintiff's Brief)** is a one-page e-mail

with a single message dated October 13, 2016.

44.   Similar to Record No. 3 (C06679729), the Department, in consultation with the

FBI, initially withheld information concerning an FBI employee's name, email address, and

employee identification number under FOIA Exemptions 6 and 7, 5 U.S.C. §§ 552(b)(6) and

(b)(7)(C).  The FBI subsequently advised that information concerning the employee's name is

releasable, and the Department accordingly re-released this document to plaintiff on July 5,

2019.

45.   The Department conducted a line-by-line review of the remaining withheld

information and determined that no additional meaningful, non-exempt information can be

reasonably segregated and released.

46.   The Department, on behalf of the FBI, withheld additional information in this

document under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), pursuant to the National Security Act

of 1947, 50 U.S.C. § 3024(i)(1), and FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E) to certain

classified sentences within the document.  I respectfully refer the Court to Seidel Declaration ¶¶

7, 31-35, 45-47 for further information concerning FBI's review of this document.

47.   **Document C06682575 ("Record No. 7" in Plaintiff's Brief)** is a five-page

document, which was withheld in full on behalf of the FBI under FOIA Exemption 3, 5 U.S.C. §

552(b)(3), pursuant to the National Security Act of 1947, 50 U.S.C. § 3024(i)(1), and FOIA

Exemption 7, 5 U.S.C. § 552(b)(7)(E).  I refer the Court to Seidel Declaration ¶ 7, 31-35, 45-46,

50 for further information concerning FBI's review of this document.

48.   **Document C06751858 ("Record No. 9" in Plaintiff's Brief)** is an eleven-page set

of handwritten notes from a meeting with Christopher Steele and Tatyana Duran of Orbis

Business Intelligence on October 11, 2016.  The notes were taken by Department employee

Kathleen Kavalec.

49.   The Department withheld information in this document on behalf of the FBI under

FOIA Exemption 3, 5 U.S.C. § 552(b)(3), pursuant to the National Security Act of 1947, 50

U.S.C. § 3024(i)(1), and FOIA Exemptions 1 and 7, 5 U.S.C. § 552(b)(1) and (b)(7)(E).

Information redacted under FOIA Exemption 1 was classified SECRET by the FBI under E.O.

13526, sections 1.4(c) and (d).  I refer the Court to Seidel Declaration ¶ 10, 15-35, 45-46, 49 for

further information concerning FBI's review of this document.

## IV. CONCLUSION

50.   In summary, the Department located nine responsive documents, of which four

were released in full, four were released in part, and one was denied in full.  The Department has

carefully reviewed all of the documents addressed herein for reasonable segregation of non-

exempt information and has implemented segregation when possible.  Otherwise, the

Department determined that no segregation of meaningful information in the documents could be

made without disclosing information warranting protection under the law.

* * *

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this ____8th____ day of July 2019, Washington, D.C.

Eric F. Stein

C06608284

NO DISCERNIBLE CLASSIFICATION          F-2018-04736

**Evans, Wayne D**

| | |
|---|---|
| **From:** | State Department FOIA <noreply@mail.foia.state.gov> |
| **Sent:** | Friday, June 22, 2018 5:00 PM |
| **To:** | FOIArequest |
| **Subject:** | FOIA Request Letter |

Thank you for filing your FOIA request online on 6/22/2018. Here is a review of your request.

The records I request can be described as follows:

In accordance with the Freedom of Information Act, I hereby request copies of all records relating to the October 2016 briefing at the State Department as described in the news report below. Records should include, but not be limited to, the following: a) Participant lists b) Participant notes c) Briefing scheduling requests d) Minutes e) Transcripts f) Briefing materials g) Briefing location h) After-action reports i) Audio or video recordings "The revelation that there was a dossier briefing comes thanks to serious investigative work by chairman Richard Burr's committee staff and thanks, as well, to smart questioning by the senator. 'Based upon our review of the visitor logs at the State Department, Mr. Steele visited the State Department, briefing officials on the dossier in October of 2016,' Burr said." (The Weekly Standard, "Victoria Nuland Can't Keep Her Steele Story Straight," 06/21/2018) https://www.weeklystandard.com/eric-felten/victoria-nuland-cant-keep-her-steele-story-straight

The time period of my request is from 09/01/2016 to 11/30/2016

I am a representative of the news media seeking information as part of a news gathering effort and not for commercial use.
Additional documentation or comments will be required.

I represent Citizens United/Documentary Filmmaker

I am willing to pay $25 for my request.

I have a compelling need for expeditious handling:
- An urgency to inform the public concerning actual or alleged Federal Government activity exists.
This option available for ONLY PERSONS PRIMARILY ENGAGED IN DISSEMINATING INFORMATION.

- Information provided will be used for a time sensitive project that will be made available to the public.

My additional comments are as follows:

N/A

Contact Information
Mr. David N Bossie
Citizens United
1006 PENNSYLVANIA AVE SE
WASHINGTON, District of Columbia 20003-2142

Stein Declaration
Citizens United v. DOS
No. 1:18-cv-01862
Exhibit 1

C06608284

**NO DISCERNIBLE CLASSIFICATION**

P: (202)547-5420
F: (202)547-5421
davidbossie@citizensunited.org

C06615056



**United States Department of State**

*Washington, D.C.   20520*

JUL 1 8 2018

FOIA Control Number F-2018-04736

David N. Bossie
Citizens United
1006 Pennsylvania Ave SE
Washington, DC 20003-2142

Dear Mr. Bossie:

This letter is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated
June 22, 2018 pursuant to FOIA 5 U.S.C. § 552, to the Department of State (DOS), in which you
requested records regarding Christopher Steele visit to the DOS, briefing officials on the dossier
in October of 2016.

The Department of State, Office of Information Programs and Services (IPS) received your
FOIA request on June 25, 2018. Your FOIA request was assigned the tracking number at the top
of this letter.  Please include the tracking number in all future communications concerning this
FOIA request. We are denying your request for expedited processing and have placed your
request in the complex.

This Office has adopted a first in/first out practice of processing all incoming requests.  Your
request has been placed in chronological order based on the date of receipt and will be handled
as quickly as possible. If you have any questions regarding the status of your request, you may
contact our FOIA Requester Service Center or our FOIA Public Liaison via email at
FOIAstatus@state.gov or telephone at (202) 261-8484.  [You may wish to consider narrowing
the scope of your request and/or the relevant time frame of the records you are requesting, which
can assist the Department in processing your request.  For discussion of such matters, please
contact the FOIA Requester Service Center or our FOIA Public Liaison via the methods noted
above.]

If you are not satisfied with DOS's determination in response to your request for expedited
processing, you may administratively appeal by writing to:  Director, Office of Information
Programs and Services (IPS), U.S. Department of State, State Annex 2 (SA-2), 515 22nd Street,
NW, Washington, D.C. 20522-8100, or faxed to (202) 261-8571.  Appeals must be postmarked
within 90 calendar days of the date of this initial agency decision letter.  Please include a copy of
this letter with your written appeal and clearly state why you disagree with the determinations set
forth in this response.

Additionally, you may contact the Office of Government Information Services (OGIS) at the
National Archives and Records Administration (NARA) to inquire about the FOIA mediation
services they offer.  The contact information for OGIS is as follows:  Office of Government
Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS,

Stein Declaration
Citizens United v. DOS
No. 1:18-cv-01862
Exhibit 2

C06615056

Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email address: ogis@nara.gov; telephone: (202) 741-5770; toll free number: 1-877-684-6448; facsimile: (202) 741-5769.

Sincerely,

Eric F. Stein, Director
Office of Information Programs and Services



**United States Department of State**

*Washington, D.C.  20520*

February 19, 2019

Case No.:  F-2018-04736
Segment:  IPS-0002

Mr. David N. Bossie
Citizens United
1006 Pennsylvania Ave., S.E.
Washington, DC 20003

Dear Mr. Bossie:

In response to your request dated June 22, 2018, under the Freedom of Information Act (the "FOIA"), 5 U.S.C. §552, the Department has located two responsive documents.  After reviewing these documents we have determined that both may be released in full.  All released material is enclosed.

We will keep you advised as your case progresses.  If you have any questions, your attorney may contact Trial Attorney Johnny Hillary Walker, III, at (202) 252-2575 or johnny.walker@usdoj.gov.  Please refer to the case number, F-2018-04736, and civil action number, 1:18-cv-01862, in all communications about this case.

Sincerely,

Susan C. Weetman
Chief, Programs and Policies Division
Office of Information Programs and Services

Enclosures:  As stated

Stein Declaration
Citizens United v. DOS
No. 1:18-cv-01862
Exhibit 3



**United States Department of State**

*Washington, D.C. 20520*

April 30, 2019

Case No.: F-2018-04736
Segment: IPS-0002 & H-0001

Mr. David N. Bossie
Citizens United
1006 Pennsylvania Ave., S.E.
Washington, DC 20003

Dear Mr. Bossie:

I refer you to our letter dated February 19, 2019, regarding the review of certain Department of
State material under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552. The review
of potentially responsive records is ongoing and has resulted in the retrieval of five documents
responsive to your request. After reviewing these documents, we have determined that one may
be released to you in full, three may be released in part, and one must be withheld in full. All
released material is enclosed.

Where documents are released to you in part, all non-exempt material that is reasonably
segregable from the exempt material has been released. Where we have made excisions, the
applicable exemptions are marked on each document. The document withheld in full was
withheld at the request of the Federal Bureau of Investigation (FBI) under FOIA Exemptions 3
and 7(E), 5 U.S.C. §§ 552(b)(3) and (b)(7)(E). For those records released in part, portions
withheld under FOIA Exemption 3 were withheld at the request of the FBI pursuant to the
National Security Act of 1947, §50 U.S.C. 3024(i)(1), unless otherwise noted. An enclosure
provides information on FOIA exemptions and other grounds for withholding material.

We will keep you advised as your case progresses. If you have any questions, your attorney may
contact Trial Attorney Johnny Hillary Walker, III, at (202) 252-2575 or
johnny.walker@usdoj.gov. Please refer to the case number, F-2018-04736, and civil action
number, 1:18-cv-01862, in all communications about this case.

Sincerely,

*Corynne Gerow for*

Susan C. Weetman
Chief, Programs and Policies Division
Office of Information Programs and Services

Enclosures: As stated

Stein Declaration
Citizens United v. DOS
No. 1:18-cv-01862
Exhibit 4



**United States Department of State**

*Washington, D.C.  20520*

May 6, 2019

Case No.:  F-2018-04736
Segment:  IPS-0002 & H-0001

Mr. David N. Bossie
Citizens United
1006 Pennsylvania Ave., S.E.
Washington, DC 20003

Dear Mr. Bossie:

I refer you to our letter dated April 30, 2019, regarding the review of certain Department of State material under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552.  The review of potentially responsive records has resulted in the retrieval of two documents responsive to your request.  After reviewing these documents, we have determined that one may be released to you in full and the other may be released in part.

For the document withheld in part, where excisions have been made, the applicable exemptions are marked.  All non-exempt material that is reasonably segregable from the exempt material has been released.  Note that some of the material in this document was withheld at the request of the Federal Bureau of Investigation (FBI).  An enclosure provides information on FOIA exemptions and other grounds for withholding material.

Additionally, upon further review, the FBI has determined that additional information may be released in one document previously produced on April 30, 2019.  All released material is enclosed.

This completes the processing of your request.  If you have any questions, your attorney may contact Trial Attorney Johnny Hillary Walker, III, at (202) 252-2575 or johnny.walker@usdoj.gov.  Please refer to the case number, F-2018-04736, and civil action number, 1:18-cv-01862, in all communications about this case.

Sincerely,

Susan C. Weetman
Chief, Programs and Policies Division
Office of Information Programs and Services

Enclosures:  As stated

Stein Declaration
Citizens United v. DOS
No. 1:18-cv-01862
Exhibit 5