IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS UNITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>STATE. )<br>)<br>Defendant. )<br>) | Civ. A. No. 18-1862 (RDM) |

## DECLARATION OF DAVID M. HARDY

(1)     I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), in Winchester, Virginia.[1] I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 244 employees who staff a total of twelve Federal Bureau of Investigation Headquarters ("FBIHQ") units and three field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and

---

[1] In May 2018, the Records Management Division was renamed IMD.

information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526, 75 Fed. Reg. 707 (Jan. 5, 2010), and the preparation of declarations in support of Exemption (b)(1) claims asserted under the FOIA. I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 13526, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith. This declaration incorporates and supplements information previously provided by the FBI in the Declaration of Michael Seidel filed July 10, 2019 at D.E. 13-4 ("Seidel Decl.").

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552. Specifically, I am aware of the Department of State's ("DOS") consultation to the FBI seeking review of FBI information/equities within six documents (24 pages).

(4) This supplemental declaration is submitted in further support of the Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and Reply in Support of its Motion for Summary Judgment or for *In Camera* Review. This declaration provides additional justification for the FBI's withholding of certain information

within the DOS records pursuant to FOIA Exemptions 3 and 7(E) in Department of State ("DoS") Document numbers C06679729 and C06682574 (Plaintiff's Record Nos. 3 and 7).

(5)   As stated in the Seidel Declaration, "Pursuant to 28 U.S.C. §§ 553, 534 and E.O. 12333 as implemented by the Attorney General's Guidelines for Domestic Operations ("AGG-DOM") and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and further the foreign intelligence objectives of the United States. The information that the FBI protected in the consultation records was information that derives from FBI investigative activities and/or duplicates information in FBI records, which was compiled during the FBI's investigations of national security matters, and with respect to C06679729, C06682574, and C06682575, were provided by DOS to the FBI for consideration in reference to the FBI's law enforcement mission." See Seidel Decl., ¶ 37.

### Document Number C0679729 (Plaintiff's Record No. 3)

(6)   Document number C0679729 consists of a three page e-mail chain with messages dated September 29, 2016, September 30, 2016, February 2, 2017, and February 2, 2017. *See* Stein Decl. ¶¶ 34, D.E. 13-5. To the extent Plaintiff is challenging FBI's Exemption (b)(7)(E) assertions as to the first and second e-mails, the first two e-mails in the chain reflect information that was transmitted for law enforcement purposes from DoS to the FBI, containing potential leads of investigative interest to the FBI. DoS was not passing on information it obtained from Christopher Steele, with whom, we note, Ms. Kavalec had not yet met. [Note: this is clear from the context.] While the information already disclosed reveals one investigative method/source

3

relied upon by the FBI in conducting investigations and gathering intelligence – *i.e.*, other Federal agencies – disclosure of this information would reveal other methods upon which the FBI regularly relies in conducting investigations. While the FBI is not required to show a risk of circumvention of the law when protecting investigative procedures and techniques, the FBI concluded that disclosure of the methods protected here, within the context of a particular type of investigation and in relation to assistance provided by a specific agency, could be used by adversaries – including adverse foreign government actors – in attempting to avoid detection by the FBI.

### Document Number C06672575 (Plaintiff's Record No. 7)

(7)     Document number C06672575 consists of a five page document forwarded to the FBI from DoS. The document is a research document prepared by a third party (not Christopher Steele) about a technical subject. It was transmitted for law enforcement purposes from DoS to the FBI, and contained potential leads of investigative interest to the FBI related to the investigation of Russia's interference in the 2016 Presidential election. While the information already disclosed reveals one investigative method/source relied upon by the FBI in conducting investigations and gathering intelligence – *i.e.*, other Federal agencies – disclosure of this information would reveal another method upon which the FBI regularly relies in conducting investigations, as well as the types of information that it may rely upon in conducting sensitive counterintelligence investigations. While we do not have to show a risk of circumvention of the law when protecting investigative procedures and techniques under Exemption (b)(7)(E), we have concluded that disclosure of the information protected here, within the context of a particular type of investigation and in relation to assistance provided by a specific agency, could be used by adversaries – including adverse foreign government actors – in attempting to avoid

4

detection by the FBI because it reveals what types of information we rely upon, where the FBI itself might go to obtain the information, and what information might be relevant in the FBI's analysis of whether particular actors or actions pose a counterintelligence threat to the United States. As for Exemption (b)(3), the FBI is not required to make any showing of harm to national intelligence. It is merely required to establish that the information involves intelligence source and method information. The intelligence source/method at issue is the source of the document passed by DoS to the FBI.

## CONCLUSION

(8)     At the FBI's request, DOS protected certain FBI equity information pursuant to FOIA Exemptions 3 and 7(E). The FBI carefully examined the records and determined that the information withheld from Plaintiff, if disclosed, would reveal information that would reveal intelligence source and method information in violation of the National Security Act of 1947 and/or would disclose investigative procedures and techniques used for law enforcement investigations, the disclosure of which could reasonably be expected to risk circumvention of the law. Accordingly, the FBI has released all reasonably segregable, non-exempt information from the records it processed in response to DOS consultations to the FBI.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of July, 2019.

_____
DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, VA