UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS UNITED,

*Plaintiff,*

v.

U.S. DEPARTMENT OF STATE,

*Defendant.*

Civil Action No. 18-1862 (RDM)

## REPLY IN SUPPORT OF
## DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff Citizens United argues that some or all of the information being withheld from release is in the public domain through means other than disclosure by the agency, and the agency must therefore disclose some or all of the requested records. Even assuming that Citizens United's assumptions about the content of the withheld information is correct, it has not identified an official acknowledgment. Consequently, there is no waiver of the applicable FOIA exemptions. Citizens United's request that the Court review the records in camera to compare their contents to public information should therefore be rejected and the Department of State's motion for summary judgment should be granted.

### A.     Documents 4 and 9

The Department of State has shown that Documents 4 and 9 were properly redacted under Exemptions 1, 3, and 7, because they contain information about the engagement of an intelligence source, namely Christopher Steele. Def.' Br. at 4–11. Citizens United contends that "[t]here is already public information regarding Steele's 'engagement' by the FBI" and refers to statements by Steele, relayed in a report by the Office of Inspector General for the Department of Justice ("OIG"), asserting that he was not a "confidential human source" and that his relationship with the

FBI was "contractual." Pl.'s Opp. at 2 (quoting OIJ, *Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation* at 88 (Dec. 2019)).

It is true that a release of information may be compelled over an assertion of an otherwise valid exemption when that information has been "officially acknowledged." *Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015). But for the official-acknowledgement exception to apply the "(1) the information requested must be as specific as the information previously released; (2) the information requested must match the information previously disclosed; and (3) the information requested must already have been made public through an official and documented disclosure." *Id.* (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990)). That is not the case for the information here. The Department of State, on behalf of the FBI, withheld information about "when and where" the engagement with Steele occurred, 2d Seidel Decl. ¶ 7, not its contractual or noncontractual nature or whether he is properly classified as a "confidential human source." The information in the Inspector General's report therefore does not "match" the information withheld from Documents 4 and 9. *See Mobley*, 806 F.3d at 583. It is Citizens United's burden to identify specific information in the public domain that would constitute an official acknowledgement. *See Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007). It has failed to carry that burden.

The FBI also withheld information that would identify a third-party intelligence source. Def.'s Br. at 11–12. In response, Citizens United asserts that it "does not believe that the protection of intelligence sources extends to the protection of persons pushing political opposition research about a presidential candidate in an effort to influence a presidential election." Pl.'s Opp. at 3. Citizens United proffers no evidence for its subjective characterization of the source as someone "pushing political opposition research . . . in an effort to influence a presidential election." Nor does it cite any authority for the legal proposition that someone so subjectively characterized

would not fall under the ambit of the National Security Act. Contrary to Citizens United's apparent belief, "[t]he Supreme Court has unequivocally held that the Director of Central Intelligence may protect all intelligence sources, regardless of their provenance." *Fitzgibbon*, 911 F.2d at 765 (citing *CIA v. Sims*, 471 U.S. 159, 171 (1985)). Citizens United's subjective and unsupported characterization of the source, even if true, would therefore provide no basis to compel the government to disclose the source's identity.

### B.      Document 7

The Department of State, through a declaration from the FBI, has fully explained in reasonable detail why Document 7 must be withheld in full. Def.'s Br. at 13–14. Citizens United contends that the FBI's explanation "actually raises new questions" and urges the Court to review Document 7 in camera. Pl.'s Opp. at 3. Citizens United first insists that the withheld Document 7 is a copy of or similar to a document that it says "has been in the public domain since the fall of 2016" and which it has appended to its brief. *Id.* at 4 & Ex. B. Citizens United contends that this means that the withheld record, or some of the information therein, "lost its non-public nature, and as such, that information is segregable." *Id.* at 5. Citizens United cites no authority for this argument; and, indeed, it is meritless. Even assuming that Exhibit B were identical or similar to the withheld document, the mere fact that Exhibit B is in the public domain would not constitute an official acknowledgement sufficient to waive protection of the record. To constitute an official acknowledgment, the public information must have been made public through "an official and documented disclosure." *Mobley*, 806 F.3d at 583l *see also Frugone v. CIA*, 169 F.3d 772, 774 (D.C. Cir. 1999) ("[W]e do not deem 'official' a disclosure made by someone other than the agency from which the information is being sought."). Because Citizens United cannot show that the

Department of State (or the FBI) disclosed the document it attaches as Exhibit B, it would not be entitled to a release of Document 7 even were the two identical.

Citizens United also claims that some of the contents of what it assumes to be in Document 7 was once in the possession of an attorney, as revealed by testimony provided to and released by the House Permanent Select Committee on Intelligence. Pl.'s Opp. at 5–6. Again, even assuming that the information revealed in that testimony did in fact match any information in the withheld record, it would not constitute an official acknowledgement because it did not come from the State Department or from the FBI. *See Buzzfeed, Inc. v. FBI*, — F. Supp. 3d —, No. 18-2567, 2020 WL 2219246, at *11 (D.D.C. May 7, 2020) ("[T]he D.C. Circuit has repeatedly confirmed that disclosure by Congress does not prevent the Executive Branch from asserting privilege to withhold records under FOIA." (citing *Fitzgibbon*, 911 F.2d at 765–66; *Salisbury v. United States*, 690 F.2d 966, 971 (D.C. Cir. 1982)).[1] The committee's deposition transcript, even if the information therein matched any of the information in Document 7, would therefore not serve to waive the exempt nature of the withheld information.

*       *       *

---

[1] Citizens United also asserts that the information that it assumes is being withheld is "inaccurate." Pl.'s Opp. at 5. Even crediting Citizens United's unsupported assumption, Citizens United provides no authority for the proposition that the accuracy of withheld information is relevant to the question of whether it is properly exempt.

**CONCLUSION**

For these reasons and the reasons in the Department of State's opening brief, the Department's renewed motion for summary judgment should be granted.

Dated: August 6, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:  /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*